Efrain BERRIOS NOGUERAS,
Plaintiff,

v.

HOME DEPOT, Pr Holding, Inc.; Home Depot, Pr, Inc.; Home Depot, Us, Inc.; Harris Paint Corp.; Lanco Construction, Inc.; and Lanco Manufacturing Corp., Defendants.

No. CIV. 02–2069RLA.

United States District Court, D. Puerto Rico.

Aug. 11, 2004.

Paul M. Vilaro–Nelms, Esq., San Juan, PR, for Plaintiff.

Magaly Rodríguez–Quiñones, Esq., Cobian & Valls, César T. Alcover–Acosta, Esq., Banco Popular de Puerto Rico, San Juan, PR, for Defendant.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

ACOSTA, District Judge.

Plaintiff brought this action for copyright infringement pursuant to the Copyright Act of 1976, as amended, particularly under the provisions of Visual Artists Rights Act of 1990 (VARA), 17 U.S.C. § 101 *et. seq.*, Defendants HARRIS PAINTS, HOME DEPOT, U.S., INC., and LANCO MANUFACTURING CORP. have filed a motion to dismiss under Rule 12(b)(6) (**docket No. 13**), arguing that even accepting all of plaintiff's allegations as true, he is not entitled to relief under VARA.

## BACKGROUND

Plaintiff alleges that defendants posted his work of art, entitled "La Silla de Los Reyes Magos" in HOME DEPOT stores throughout Puerto Rico by means of promotional brochures, or "shoppers" advertising the HARRIS and LANCO brands of paint, thereby violating his moral and pecuniary rights by failing to attribute authorship; and his right of integrity under VARA by reproducing his work without his knowledge, compensation, or consent.

### Standard of dismissal under F.R. Civ. P. 12(b)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court presumes the factual allegations of the complaint to be true and construes these facts in the light most flattering to the plaintiff's cause. *Chongris v. Board of Appeals,* 811 F.2d 36, 37 (1st Cir.) *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987).

Rule 12(b)(6) imposes a substantial burden of proof upon the moving party. A court may not dismiss a complaint unless the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *H.J., Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2905–06, 106 L.Ed.2d 195 (1989); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). "Nevertheless, minimal requirements are not tantamount to nonexistent requirements." *Gooley v. Mobil Oil Corporation,* 851 F.2d 513, 514 (1st Cir.1988), and it is plaintiff's burden to show that he in entitled to the relief requested. Although this standard is deferential toward plaintiff, it is not a "toothless tiger", *Zeus Projects Limited, et al., v. Perez & Cia. de Puerto Rico, Inc.,* 187 F.R.D. 23, 26 (D.Puerto Rico 1999). Indeed, the factual

allegations must be specific enough to justify "drag[ging] a defendant past the pleading threshold". *Gooley,* 851 F.2d at 515.

## Discussion

Plaintiff seeks to enforce an infringement claim under the Visual Artists Rights Acts, 17 U.S.C. §§ 101 *et. seq.* (VARA).

Enacted by Congress as an amendment to the Copyright Act in 1990, VARA was designed to protect the moral rights of artists in their works. Moral rights protect an artist's interest in the proper use of the artist's name and in maintaining the physical integrity of the artist's work. *See generally,* Patrick Flynn, *Validity, Construction and Application of Visual Artists Rights Act,* 138 ALR Fed. 239 (1997).

VARA established a new category of "works of visual art", defined as:

(1) a painting, drawing, print, or sculpture, existing in a single copy, in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author, or, in the case of a sculpture, in multiple cast, carved, or fabricated, sculptures of two hundred or fewer that are consecutively numbered by the author and bear the signature or other identifying mark of the author; or

(2) a still photographic image produced for exhibition purposes only, existing in a single copy that is signed by the author, or in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author. 17 U.S.C. § 101.

The Act specifically excluded from the definition:

(A)(i) "any poster, map, globe, chart, technical drawing, diagram, model, applied art, motion picture or other audiovisual work, book, magazine, newspaper, periodical, data base, electronic information service, electronic publication, or similar publication; and

(A)(ii) 'any merchandising item or advertising, promotional, descriptive, covering, or packaging material or container' *See* 17 U.S.C. § 101, definition of "work of visual art" (A)(i) and (ii).

VARA amended the Copyright Act of 1976 in various other aspects. For instance, it added a new Section 106A to the Act, creating artists' rights parallel to the economic rights set forth in Section 106 of the Copyright Act. These are the moral rights of attribution and integrity.

The right of attribution "ensures that artists are correctly identified with the works of art they create, and that they are not identified with works created by others," and the right of integrity, which "allows artists to protect their works against modifications and destructions that are prejudicial to their honors or reputations." *Pavia v. 1120 Ave. of the Ams. Assocs.,* 901 F.Supp. 620, 628 (S.D.N.Y.1995)(citing *Bobbs–Merrill Co. v. Straus,* 210 U.S. 339, 346, 28 S.Ct. 722, 724, 52 L.Ed. 1086 (1908)). Moral rights are to be distinguished from economic rights, which are held by the holder of the copyright in a work, *see* 17 U.S.C. § 106, and constitute the remainder of the rights created by the Copyright Code. *Id. See* 17 U.S.C. 106, 106A(b); *see generally* H.R.Rep. No. 101–514, at 14 (1990), *reprinted in* U.S.S.C.A.N. at 6924.

Thus, [t]he right of attribution enables an artist to claim authorship of his or her work, to preclude the use of the artists' names as author if not the creator of the work, and to disavow authorship of a work that has been distorted, mutilated or otherwise modified if prejudice to the author's honor or reputation would otherwise result. The right of integrity enables an artist to prevent distortion, mutilation, or other modification of his or her work if done intention-

ally and if it would be prejudicial to the artist's honor or reputation.

Dana L. Burton, *Artists' Moral Rights: Controversy and the Visual Artists Rights Act,* 48 SMU L.Rev. 639, 643 (1995)(internal citations omitted).

In contrast to the above, however, the rights of attribution and integrity do not apply to reproduction, depiction, portrayal, or other uses of the otherwise protected work when used in connection with those works specifically excluded from the definition of "works of visual art" under 17 U.S.C. Section 101. *See* 17 U.S.C. § 106A(c)(3).

Commentator Nimmer has interpreted this section as follows:

"The reference to subparagraph A is to the enumeration of ineligible items quoted [in the section], starting with 'any poster, map, globe' and ending with any 'packaging material and container'. Working through this language, the result is that a depiction of a protected work of visual art upon a poster or map (or such other item) need not be accompanied by the artist's name." 3–8D Nimmer on Copyright § 8D.06 (1994).

According to Nimmer, the legislative history of VARA provides the reasoning for this exclusion:

For example, a newspaper, book, or magazine may include a photograph of a painting or a piece of sculpture. A motion picture may include a scene in an art gallery. The exclusion from the definition of a work of visual art would be of little or no value if these industries could be held liable under section 106A for the manner in which they depict, portray, **reproduce**, or otherwise make use of such a work. **Moreover, because such actions do not affect the single**

or limited edition copy, imposing liability in these situations would not further the paramount goal of the legislation: to preserve and protect certain categories of original works of art.

*Id. See* H.R.Rep. No. 101–514, 101st Cong., 2d Sess. 15 (1990)(emphasis added and internal citations omitted)

Based on the foregoing, it is clear that VARA does not afford a right of action to plaintiff for the unauthorized reproduction of his work upon the "posters" or "shoppers" i.e. "advertising or promotional material" that were printed or published by defendants in their stores. *Cf., Pollara v. Seymour,* 344 F.3d 265, 68 U.S.P.Q.2d 1145, 1148 (2003)("Congress chose to exclude from the scope of VARA all advertising and promotional materials, regardless of whether the thing being promoted or advertised was a commercial product or . . . whether the work being used to promote or advertise might otherwise be called a painting, drawing, or sculpture.")

Because plaintiff's complaint fails to adduce a cause of action under VARA, it must be dismissed for failure to state a claim upon which relief can be granted. Accordingly, defendants' motion to dismiss (**docket No. 13**) is hereby **GRANTED** and this action is hereby **DISMISSED.**[1]

Judgment to issue.

IT IS SO ORDERED.

### *JUDGMENT*

The Court having dismissed this action through its order issued on this date; accordingly,

It is hereby ORDERED and ADJUDGED that the complaint filed in these

---

**1.** In view of our ruling, Plaintiff's Motion Requesting Denial of Co-defendants['] Motion to Dismiss . . . (**docket No. 27**) is **DENIED.**

**52**

proceedings be and the same is hereby DISMISSED.

IT IS SO ORDERED.